IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01099-BNB

DESHAWN ANDREWS,

    Applicant,

v.

CHARLES A. DANIELS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 19 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, DeShawn Andrews, is a prisoner in the custody of the United States Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Andrews has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence. He has paid the $5.00 filing fee. On June 9, 2010, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Andrews to respond and show cause why the Application should not be denied because the claims he raises address the validity of his sentence and not the execution of his sentence. Mr. Andrews has failed to file a response to the Order to Show Cause within the time provided.

The Court must construe the Application liberally because Mr. Andrews is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

It is clear from the habeas corpus application that Mr. Andrews is attacking his federal conviction. Mr. Andrews asserts that he is "actually innocent of the instant federal criminal charge of possession with the intent to distribute 50 grams or more of crack-cocaine," and demands his immediate release from custody. Application at 3-5. According to www.pacer.psc.uscourts.gov, on August 6, 2003, Mr. Andrews was convicted by a jury in the United States District Court for the Southern District of Texas in Criminal Action No. 01-cr-21-G of possession with the intent to distribute cocaine base. On December 5, 2003, he was sentenced to life in prison, followed by ten years supervised release. Mr. Andrews filed an appeal, and the Fifth Circuit Court of Appeals affirmed his conviction on August 5, 2004. ***United States v. Andrews***, 103 Fed. Appx. 855 (5th Cir. Aug. 5, 2004) (unpublished decision). In 2005, Mr. Andrews filed in his criminal case a motion pursuant to 28 U.S.C. § 2255. The § 2255 motion was denied on January 13, 2006. The Fifth Circuit summarily affirmed on September 6, 2007. ***United States v. Andrews***, No. 06-41140 (5th Cir. Sept. 6, 2007) (unpublished decision).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be

2

filed in the district that imposed the sentence." *Id*. (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. **United States v. Apodaca**, 90 Fed. Appx. 300, 303 n.8 (10th Cir. Jan. 30, 2004)

(unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001)).

Mr. Andrews is challenging the constitutionality of his sentence as imposed by the sentencing court and not the execution of his sentence by the BOP. Mr. Andrews, however, fails to assert that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this  16th  day of  July , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01099-BNB

DeShawn Andrews
Reg No. 44998-079
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7\19\10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk